The opinion of the court was delivered by
Hornblower, C. J.
Dunham sued Rappleyea, in a court for the trial of small causes, in an action of trespass on the case, and recovered fifty dollars with costs — Rappleyea appealed, and the Court of Common Pleas reversed the judgment of the court below, and gave a general judgment for the defendant, with costs. Dunham brings this Certiorari, and seeks to reverse the judgment of the Common Pleas.
The only error assigned which appears to have any foundation in truth,.is that no such affidavit as is required by the statute [Har. Comp. 6. 7) had been made and filed with the justice. The affidavit is entitled, “ Abraham Dunham v. Nicholas Rappleyea, in debt.” This is a fatal mistake. — There was no such action pending, and the court ought not to have sustained the appeal.
We are reluctant to reverse the judgment on this ground, for on looking into the record, it is abundantly manifest that the action itself was misconceived. — If any action could have been maintained by the plaintiff below, for the cause set forth in his state of demand, it should have been an action of debt, and not trespass on the case. The state of demand shews, if true, a plain partnership transaction between the parties, and claims one half the profits, without setting forth any previous settlement of the accounts or any promise by the defendant, to pay the balance, if there was one in favour of the plaintiff. In short, the state of demand is uncertain, and insufficient.
The Court of Common Pleas undoubtedly did right, upon the case stated by the parties, and the evidence given on the trial, to give judgment against the plaintiff; but unfortunately they had no jurisdiction. The act of assembly requires an affidavit, and we cannot dispense with it. But the affidavit filed, was not an affidavit in this cause. It is not necessary to entitle the affidavit, provided it shews upon the face of it, that it is an affidavit in the proper suit; but this shews by its title, it was *77 not an affidavit in this suit. We cannot reject the title of the action, nor could the party be convicted of perjury upon this affidavit. (2 Cowen, 509.) — The Judgment of the Common Pleas must be reversed.
Fokd and Ryeksox, Justices, concurred.

Judgment Reversed.

Cited in Yard v. Bodine, 3 Harr. 491,